IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SHIRLEY CALHOUN, Individually, | ) | |
| And as Conservator of  JAMES D. | | |
| CALHOUN, JR., Incompetent, | ) | |
| and as Next Friend of  S.E. CALHOUN | | |
| and J.D. CALHOUN, Minors, | ) | |
| 475 East German Street, | | |
| Shepardstown, West Virginia 25433 | ) | |
| | | |
| Plaintiffs, | ) | |
| | | |
| v. | ) | CASE NO. 1:08-cv-00343 |
| | | Judge COLLEEN KOLLAR- KOTELLY |
| ANTHONY E. WATKINS, M.D., | ) | |
| CHARTERED, 106 Irving Street, N.W. | | |
| Suite 3200N | ) | |
| Washington, D.C.  20010 | | |
| | ) | |
| and | | |
| | ) | |
| BERNARD M. WAGMAN, M.D. | | |
| 106 Irving Street, N.W. | ) | |
| Suite 2700N | | |
| Washington, D.C.  20010 | ) | |
| | | |
| and | ) | |
| | | |
| LARA S. OBOLER, M.D. | ) | |
| 130 East 77th Street, 9th Floor | | |
| New York, NY 10021 | ) | |
| Washington, D.C.  20010 | | |
| and | ) | |
| MEDSTAR HEALTH, INC. | | |
| 5565 Sterrett Place | ) | |
| 5th Floor | | |
| Columbia, MD 21044 | ) | |
| | | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS

COME NOW the Defendants, **ANTHONY E. WATKINS, M.D., CHARTERED, BERNARD M. WAGMAN, M.D., and LARA S. OBOLER, M.D.,** by and through counsel, Kenneth Armstrong, Esquire, Penny Kahn, Esquire and the law firm of Armstrong, Donohue, Ceppos & Vaughan, Chartered, and in answer to the Complaint filed in the above-captioned matter, state as follows:

### FIRST DEFENSE

The Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

The Plaintiffs' claims are barred in full by the primary and/or contributory negligence of the Plaintiffs' dependent.

### FOURTH DEFENSE

The Plaintiffs' claims are barred by the Plaintiffs' dependent's assumption of the risk.

### FIFTH DEFENSE

The injuries and damages, if any, alleged to have been suffered or incurred by the Plaintiffs and/or Plaintiffs' dependent were the result of the actions or omissions of persons or entities for which these Defendants cannot be held legally responsible.

**SIXTH DEFENSE**

The injuries and damages, if any, are the result of a naturally occurring disease process for which these Defendants cannot be held legally responsible.

**SEVENTH DEFENSE**

The Plaintiffs' claims are barred by the doctrine of Estoppel.

**EIGHTH DEFENSE**

The Plaintiffs' claims are barred by the doctrine of Accord and Satisfaction.

**NINTH DEFENSE**

The Plaintiffs' claims are barred in part or in full by the doctrine of Release.

**TENTH DEFENSE**

This Court lacks jurisdiction over the subject matter.

**ELEVENTH DEFENSE**

The Plaintiffs' claims are barred by non-compliance with the applicable conditions precedent required by the D.C. Medical Malpractice Proceedings Act of 2006 for such claims prior to the filing of this lawsuit.

**TWELFTH DEFENSE**

As to each and every allegation contained within the Plaintiffs' Complaint, these Defendants state as follows:

1.     Paragraph 1 of the Complaint contains an allegation of jurisdiction to which an answer is not required.   To the extent that an answer may be required, these Defendants are

without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the Complaint.

2.      These Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 2 of the Complaint.

3.      As for the allegation in paragraph 3 of the Complaint, which describes the Defendant's, Anthony E. Watkins, M.D. Chartered's (hereinafter Defendant Corporation) normal course of business, these Defendants admit the Defendant Corporation is a corporation formed and domiciled in the District of Columbia, is in the business of providing medical and cardiology health care services in the District of Columbia and has its principal place of business at 106 Irving Street, N.W., #3200N.  The remaining allegations of paragraph 3 appear to contain an allegation of agreement among the Defendant Corporation and undersigned counsel with respect to service of process for this Defendant, which is admitted by the Defendant Corporation.  The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments regarding the Plaintiffs effectuating service of process upon the Defendant Corporation.

4.      These Defendants admit that Bernard M. Wagman, M.D. is a physician licensed to practice medicine in the District of Columbia, with a specialty in the medical field of cardiology.  Additionally, Bernard M. Wagman, M.D. admits that he is a citizen of and domiciled in Bethesda, Maryland, whose professional residence is currently 106 Irving Street, N.W., #2700N, Washington, D.C. 20010.  To the extent this paragraph alleges any negligence by the Defendants or any alleged agent, servant and/or employee of the Defendants, the

allegations in paragraph 4 of the Complaint are denied. The remaining allegations of paragraph 4 appear to contain an allegation of agreement among the Defendant Bernard M. Wagman, M.D. and undersigned counsel with respect to service of process for this Defendant, which is admitted by the Defendant Bernard M. Wagman, M.D. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments regarding the Plaintiffs effectuating service of process upon the Defendant Bernard M. Wagman, M.D., the domicile of Dr. Wagman, and/or the current professional address of Dr. Wagman.

     5.     These Defendants admit that Lara S. Oboler, M.D. is a physician formerly licensed to practice medicine in the District of Columbia, with a specialty in the medical field of cardiology. With respect to those allegations alleging Lara S. Oboler, M.D. is a citizen of and domiciled in the state of New York, whose professional residence is currently 130 East 77th Street, 9th Floor, New York, NY 10021, Defendant Dr. Oboler admits said allegations, and admits she currently holds herself out as a specialist in the medical field of cardiology in the State of New York. To the extent this paragraph alleges any negligence by the Defendants or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 5 of the Complaint are denied. The remaining allegations of paragraph 5 appear to contain an allegation of agreement between the Defendant Lara S. Oboler, M.D. and undersigned counsel with respect to service of process for this Defendant, which is admitted by the Defendant Lara S. Oboler, M.D. The remaining Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments regarding the Plaintiffs effectuating service of

process upon the Defendant Lara S. Oboler, M.D., the domicile of Dr. Oboler, and/or the current professional address of Dr. Oboler.

6.    Paragraph 6 of the Complaint contains an allegation of jurisdiction to which an answer is not required.   To the extent that an answer may be required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 6 of the Complaint.

7.    This Defendant admits that in July 2005, Defendant Corporation, maintained offices at 106 Irving Street, N.W., #3200, Washington, D.C. and/or 2550 M Street, N.W., #314, Washington, D.C. 20037.  To the extent this paragraph alleges any negligence by this Defendant or any alleged agent, servant and/or employee of this Defendant, the allegations in paragraph 7 of the Complaint are denied.

8.    The Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.    The Defendants deny the allegations contained in paragraph 9 of the Complaint.

10.    The allegations contained in paragraph 10 calls for a legal conclusion for which no response is required.  To the extent that this paragraph requires a response, the Defendants deny the allegations contained in paragraph 10.

11.    The allegations contained in paragraph 11 calls for a legal conclusion for which no response is required.  To the extent that this paragraph requires a response, the Defendants deny the allegations contained in paragraph 10.

12.     The allegations contained in paragraph 12 call for legal conclusions for which no response is required.  To the extent that this paragraph requires a response, the Defendants deny the allegations contained in paragraph 12.

13.     The allegations contained in paragraph 13 call for legal conclusions for which no response is required.  To the extent that this paragraph requires a response, the Defendants deny the allegations contained in paragraph 13.

14.     The allegations contained in paragraph 14 call for legal conclusions for which no response is required.  To the extent that this paragraph requires a response, the Defendants deny the allegations contained in paragraph 14.

15.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 15 of the Complaint.

16.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 16 of the Complaint.  To the extent this paragraph alleges any negligence by the Defendants or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 16 of the Complaint are denied.

17.     The Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     The Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Based upon the medical records, the Defendants admit the allegations contained in paragraph 19 of the Complaint.  To the extent this paragraph alleges any negligence by the

Defendants or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 19 of the Complaint are denied.

20.    Based upon the medical records, the Defendants admit the allegations contained in paragraph 20 of the Complaint.  To the extent this paragraph alleges any negligence by the Defendants or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 20 of the Complaint are denied.

21.    Based upon the medical records, the Defendants admit a treadmill stress test and Gated Spect myocardial perfusion scan was interpreted on or about July 8, 2005 by Defendant Dr. Wagman.  The remaining allegations contained in paragraph 21 call for legal conclusions for which no response is required.  To the extent that an answer may be required, these Defendants admit at all times relevant hereto, the Defendant Bernard M. Wagman, M.D. was an employee of the Defendant Corporation and was acting within the course and scope of his employment.  To the extent this paragraph alleges any negligence by the Defendants or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 21 of the Complaint are denied.

22.    The Defendants deny the allegations contained in paragraph 22 of the Complaint.

22 (a-r).  The Defendants deny the allegations contained in  paragraphs 22(a-r) of the Complaint.

23.    The Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.    The allegations contained in paragraph 24 call for legal conclusions for which no response is required.  To the extent that an answer may be required, these Defendants admit at all times relevant hereto, the Defendant Lara Oboler, M.D. was an employee of the Defendant Corporation and was acting within the course and scope of her employment.   To the extent this paragraph alleges any negligence by Defendants, or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 24 of the Complaint are denied.

25.    Based upon the medical records, the Defendants admit Dr. Oboler wrote a letter to Dr. Fuisz dated July 12, 2005 that included language that Mr. Calhoun had "a very low likelihood of underlying significant coronary artery disease" and that "his stress thallium shoed normal perfusion throughout . . . ."  As to the remaining allegations contained within paragraph 25, the Defendants are without knowledge and information sufficient to form a belief as to the truth of the remaining averments.  To the extent this paragraph alleges any negligence by Defendants, or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 25 of the Complaint are denied.

26.    The Defendants deny the allegations contained in paragraph 26 of the Complaint.

26 (a-j).  The Defendants deny the allegations contained in paragraphs 26(a-j) of the Complaint.

27.    The Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.    The allegations contained in paragraph 28 call for a legal conclusion

for which no response is required.  To the extent that this paragraph requires a response, the Defendants deny the allegations contained in paragraph 28.

29.    The Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.    The Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.    These Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 31 of the Complaint.  To the extent this paragraph alleges any negligence by Defendants, or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 31 of the Complaint are denied.

32.    These Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 32 of the Complaint.  To the extent this paragraph alleges any negligence by Defendants, or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 32 of the Complaint are denied.

33.    These Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 33 of the Complaint.  To the extent this paragraph alleges any negligence by Defendants, or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 33 of the Complaint are denied.

34.    These Defendants are without knowledge or information sufficient to either admit or deny the allegations contained within paragraph 34 of the Complaint.  To the extent

this paragraph alleges any negligence by Defendants, or any alleged agent, servant and/or employee of the Defendants, the allegations in paragraph 34 of the Complaint are denied.

35.    The Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.    The Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.    The Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.    The Defendants deny the allegations contained in paragraph 38 of the Complaint.

39.    The prayer for trial by jury contained within paragraph 39 is a matter of pleading and does not call for a response.

40.    The allegations contained within the Conclusion and Prayer of the Plaintiff's Complaint call for a legal conclusion and do not require a response.  To the extent that this paragraph requires a response, the Defendants deny the allegations contained within the Plaintiff's Conclusion and Prayer.

41.    These Defendants deny any allegations contained in the Complaint that have not previously been admitted in this Answer.

WHEREFORE, the Defendants, ANTHONY E. WATKINS, M.D., CHARTERED, BERNARD M. WAGMAN, M.D., and LARA S. OBOLER, M.D., request that this case either be dismissed with prejudice and/or judgment rendered in their favor.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS
& VAUGHAN, CHARTERED**


_____/s/ Penny C. Kahn_____
Kenneth Armstrong  #320507
Penny C. Kahn #411769
pkahn@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440
Counsel for ANTHONY E. WATKINS, M.D.,
CHARTERED, BERNARD M. WAGMAN, M.D., and
LARA S. OBOLER, M.D.


## JURY DEMAND

This Defendants, by and through counsel, demand trial by jury on all issues herein.


_____/s/ Penny C. Kahn_____
Penny C. Kahn #411769

**<u>CERTIFICATE OF SERVICE</u>**

     I HEREBY CERTIFY that on this 21st day of March, 2008, I electronically filed and served via email, a copy of the foregoing Answer to Complaint to:

Mark Clore, Esq.
Anastopoulo & Clore, LLC
706 Orleans Road
Charleston, SC  29407
Attorneys for Plaintiffs


           /s/ Penny C. Kahn
           Penny C. Kahn #411769