IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SHIRLEY CALHOUN, Individually, as Guardian and Conservator of JAMES D. CALHOUN, JR., Incompetent, and as Next Friend of S. E. CALHOUN and J. D. CALHOUN, Minors,<br><br>*Plaintiff,*<br><br>v.<br><br>ANTHONY E. WATKINS, M.D., CHARTERED, BERNARD M. WAGMAN, M.D., LARA S. OBOLER, M.D.,<br><br>*Defendants.* | Civil Action No. 1:08-cv-00343<br><br>Judge Colleen Kollar-Kotelly<br><br>**JOINT MOTION FOR LEAVE OF COURT TO SUPPLEMENT MOTION TO APPROVE SETTLEMENT AND TO SUBMIT ADDITIONAL SUPPORTING DOCUMENTS IN CAMERA** |

COMES NOW the Parties, by and through their attorneys, and file this Motion for Leave to Supplement their Motion to Approve Settlement, and to Submit Additional Supporting Documents In Camera, in Civil Action No.:1:08-cv-00343.

The Parties filed with this Honorable Court on August 4, 2008 a Joint Status Report and a Motion to Approve Settlement in the above-styled case. The same day, this Court contacted the parties regarding their failure to file certain exhibits in support of that Motion to Approve Settlement. The parties now seek leave of Court to Supplement their Motion to Approve Settlement and, since certain of the supporting exhibits are confidential in nature, to submit the same in camera with this Court.

### Brief Facts of Case

This is a health care liability claim arising from alleged misdiagnosis and misinterpretation of the cardiac condition and tests of James D. Calhoun, Jr., on or about July 8, 2005, allegedly resulting in brain injuries over a year later, on August 21, 2006.

On July 8, 2005, Mr. Calhoun, a 44 year-old computer specialist employed by the United States Government in the Office of Intelligence and Policy Review in Washington, D.C., visited the defendant cardiology group in Washington, D.C., known as Anthony E. Watkins, M.D., Chartered. Mr. Calhoun was referred to this group by his internal medicine physician for complaints of shortness of breath. At the clinic, Mr. Calhoun underwent a stress test EKG along with a Gated Spect myocardial perfusion scan. These tests were interpreted by Bernard M. Wagman, M.D., a defendant-cardiologist employed by the group. Dr. Wagman interpreted the EKG as depicting mild ischemia, and he interpreted the Gated Spect scan as normal—revealing normal blood perfusion in the coronary arteries. Following these interpretations on July 8, 2005, the defendant-cardiologist Lara S. Oboler, M.D. advised Mr. Calhoun and his internal medicine referring physician that this myocardial perfusion scan was normal, and that he had a very low likelihood for significant underlying coronary artery disease.

Over 13 months later, Mr. Calhoun, while exercising with his wife at a Gold's Gym in Charles Town, West Virginia, experienced a myocardial infarction and cardiac arrest. As a consequence of the arrest, Mr. Calhoun experienced a significant lack of oxygen to his brain, resulting in brain injuries that left him mentally incompetent. Emergency cardiac surgery thereafter revealed that Mr. Calhoun had multiple areas of coronary blockages in the arteries of his heart. While the heart surgery was successful at restoring the blood flow to the heart, Mr. Calhoun remains mentally incompetent from the effects of the cardiac arrest on August 21, 2008.

Mr. Calhoun's wife, Shirley Calhoun, was appointed the Conservator and/or Guardian of her husband in the Circuit Court of Jefferson, West Virginia, on or about August 29, 2007. Following the retention of legal counsel and investigation concerning the care her husband received by the defendants, Mrs. Calhoun brought suit in this Honorable Court, on behalf of her husband, their

minor children, S.E. Calhoun and J.D. Calhoun, and herself. In this case, Mrs. Calhoun alleged improper health care by the defendants that was a cause of brain injuries to her husband. Specifically, she alleged her husband had moderate coronary blockage at the time he saw the defendants approximately 13 months before his heart attack and arrest, but that the defendants were negligent in failing to have diagnosed and recommended further coronary investigation and/or treatment for the same in order to have allegedly avoided the subsequent heart attack and arrest. Mrs. Calhoun also claimed personal injuries to herself and her children in the form of loss of spousal and parental consortium, respectively. Defendants deny all allegations of negligence and/or wrongdoing.

### Nature and Status of Settlement

Following the filing of suit, significant written discovery was obtained by the parties in this case. Depositions were accomplished of Shirley Calhoun, and of Mr. Calhoun's parents. Expert witnesses' opinions were obtained by counsel for both the plaintiff and the defendants. Settlement discussions ensued and a settlement agreement was reached. After ongoing demands, offers and further negotiations, an offer for the applicable insurance limits of one of the individual Defendants was ultimately made, as well as an offer for slightly more than 1/3 of the applicable insurance limits of another individual defendant. The group was without insurance. In view of the contested nature of the case, the conflicting evidence, the risks involved, and the needs and desires of all parties, a settlement was finally reached for $1.35 million dollars, with allocation of the proceeds of the settlement being subject to Court approval. The proposed allocation of funds in connection with the settlement provides over 2/3 of the recovery (after payment of expenses and attorney's fees) to James D. Calhoun, Jr., in the form of up-front cash to be trusted, as well as a deferred annuity with American General Life Insurance Company (AIG); the allocation provides slightly less than 1/3 of

3

the recovery to the minor children (in the form of deferred annuities with AIG paid over time upon attaining the age of majority) and Shirley Calhoun, who remains the primary caretaker and source of financial support of her children as well as the guardian and/or conservator of her husband vested with the responsibility of ensuring that Mr. Calhoun's needs are met, and that his debts and liabilities are satisfied. The amounts to be placed in trust and to fund the annuity for Mr. Calhoun were those selected by Mrs. Calhoun in view of her husband's conditions, needs (primarily custodial in the form of someone to supervise and watch over Mr. Calhoun), and current Federal Disability Retirement Income and Social Security Disability Benefits. The amounts to be placed into annuities for S.E. Calhoun and J.D. Calhoun are also those selected by Mrs. Calhoun in consideration of the ages, desires, needs and likely educational opportunities for her minor children.

Submitted separately In Camera for this Court's Consideration as Exhibit "D" are the terms of the settlement agreement, selected annuity formats, and future schedule of payments for James D. Calhoun, Jr., and the Minors, S.E. Calhoun and J.D. Calhoun.

### Exhibits Previously Omitted from Motion, Now Submitted For This Court's In Camera Review

Previously omitted from the Motion to Approve Settlement were the following exhibits:

- Exhibit "A" – Proposed Release (submitted separately In Camera in view of the confidentiality aspect of settlement agreement);

- Exhibit "B" – Order Appointing Shirley Calhoun as Guardian and/or Conservator of James D., Calhoun, Jr. (attached);

- Exhibit "C" – Disbursement Sheet (submitted separately In Camera in view of the confidentiality aspect of settlement agreement); and

- Exhibit "D" – Annuity Quotes locked-in for James D. Calhoun, Jr., and minors, S.E. Calhoun and J.D. Calhoun.

WHEREFORE, the parties would show that their failure to attach previously all Exhibits to their Motion to Approve Settlement was intended only to protect the confidentiality of the agreement reached by the parties, that they have now attached all the same to this Motion either directly or in the form of an in camera submission, and that good cause exists to allow them Leave of Court for the filing of this Motion to Supplement their Motion to Approve Settlement and to submit the foregoing referenced documents In Camera with this Court.

Jointly Submitted,

ANASTOPOULO & CLORE, LLC

_____
Mark D. Clore, DC Bar # 492672
Samuel K. Allen, DC Bar #482350
706 Orleans Road
Charleston, SC  29407
843-722-8070
Fax: 843-225-7112
ATTORNEYS FOR PLAINTIFF

August 21, 2008


ARMSTONG, DONOHUE, CEPPOS & VAUGHAN


_____/S/_____
Kenneth Armstrong, Esquire, D.C. Bar #320507
Erica C. Mudd, D.C. Bar # 500785
Armstrong, Donohue, Ceppos & Vaughan
204 Monroe Street, Ste. 101
Rockville, MD  20850
Fax:  (301) 279-5929
ATTORNEYS FOR DEFENDANTS

August 20, 2008

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I have served **Joint Motion for Leave of Court to Supplement Motion to Approve Settlement and to Submit Additional Supporting Documents In Camera** by e-mailing a copy this 21st day of August 2008 to the following attorneys:

<u>Attorneys for Defendants Anthony E. Watkins, M.D. Chartered, Bernard M. Wagman, M.D. and Lara S. Oboler, M.D.</u>
Kenneth Armstrong, Esquire
Penny C. Kahn, Esquire
Armstrong, Donohue, Ceppos & Vaughan, Chartered
204 Monroe Street, Suite 101
Rockville, Maryland  20850
(301) 251-0440

_____
Mark D. Clore

CRAWFORD

IN THE CIRCUIT COURT OF **Jefferson** COUNTY, WEST VIRGINIA

For Clerk's Use Only

IN RE: **James D. Calhoun, Jr**, AN ALLEGED PROTECTED PERSON

DATE FILED: _____  CASE NUMBER **07** - G - **9**

## ORDER OF APPOINTMENT OF CONSERVATOR AND/OR GUARDIAN
[West Virginia Code: § 44A-2-13]

RECEIVED
AUG 30 2007
JEFFERSON COUNTY
CIRCUIT COURT

On the **29th** day of **August**, 20**07**, a hearing in this matter was held before The Honorable **Kirk H. Bottner**, Mental Hygiene Commissioner/Judge of this Court pursuant to the provisions of *West Virginia Code: § 44A-2-9*;

Based upon the aforementioned hearing the Commissioner/Judge issued a *[Initial applicable filed findings]*:

✓ Findings and Recommendations of Mental Hygiene Commissioner

___ Findings and Conclusions of Circuit Court

the contents of which are incorporated herein by reference as if fully set forth herein.

The Court hereby *[Check applicable action taken by the Court and attach additional pages as required or necessary]*:

✓ accepts and adopts the entire Findings and Recommendations, without amendment, of the Mental Hygiene Commissioner, which constitutes the basis of this Order.

___ accepts and adopts the Findings and Recommendations of the Mental Hygiene Commissioner, with the exception of certain findings and/or recommendations which the Court declines to accept and which are detailed in an attachment page annexed hereto. **[If this item is checked, attach an additional page or pages listing the specific finding(s) and/or recommendations not accepted and include any substituted or new findings adopted by the Court.]**

___ rejects the entire Findings and Recommendations of the Mental Hygiene Commissioner and enters its own Findings and Conclusions. *[If this item is checked, complete Form 906CC and attach to this Order.]*

___ notes the hearing was conducted by the Court and not a mental hygiene commissioner. The Findings and Conclusions entered is the basis for this Order.

SCA-CG 907-1 / 6-00      Order of Appointment of Conservator and/or Guardian - Page 1 of 4 Pages

EXHIBIT "B"

Based upon the foregoing action, and the findings, recommendations and/or conclusions adopted herein as aforesaid, the Court hereby finds and determines that __James D. Calhoun, Jr.__, the individual alleged to be a protected person, is a "protected person" and meets the definition of a "protected person" under **West Virginia Code**: § 44A--1-4, and hereby **ORDERS** and makes the following appointment(s):

[Name] __Shirley R. Calhoun__ as either [check] ____ limited conservator or __✓__ conservator.

[Name] __Shirley R. Calhoun__ as either [check] ____ limited guardian or __✓__ guardian.

If a "limited conservator" is appointed under the terms of this Order, said limited conservator shall be limited to the following responsibilities in managing the estate and financial affairs of the Protected Person and shall extend to no other area: __N/A__

If a "limited guardian" is appointed under the terms of this Order, said limited guardian shall be limited to the following responsibilities in the personal affairs of the Protected Person and shall extend to no other area: __N/A__

A guardian and/or conservator, appointed herein without limitation shall discharge all of the duties and assume all of the responsibilities set forth under **West Virginia Code**: § 44A-3-1, et seq, other provisions of Chapter 44A as may be applicable, and any other duties and responsibilities more particularly set forth in this Order.

The guardian/limited guardian is hereby granted the following specific areas of protection and assistance: __All areas of the protected persons daily life and as per W.V. Code 44A__

The conservator/limited conservator is hereby granted the following specific areas of management and assistance: __All areas of the protected persons financial life and as per WV Code 44A__

Upon consideration of the Statement of Financial Resources [Form 903] hereinbefore filed, the requirements of § 44A-1-9 and arguments made during the hearing, it is hereby **ORDERED** that [*Initial applicable finding and, if appropriate, insert amount of required bond*]:

✓    ___*(initialed)*___ Bond of the guardian/limited guardian is hereby waived.

     _____ The posting of Bond by the conservator/limited conservator is excused under the provisions of § 31A-4-18.

     _____ Bond is set and shall be posted by the guardian/limited guardian in the amount of: $ _____.

✓    ___*(initialed)*___ Bond is set and shall be posted by the conservator/limited conservator in the amount of: $ __50.00__.

It is further **ORDERED** that the form of the Bond(s) herein required shall be: __Cash__

The Court notes that bond, as required above, has been posted as required by § 44A-2-13(a)(2), prior to the issuance of this order as follows in the following amount(s) and form(s): _____

It is **ORDERED** that the mandatory education required by § 44A-1-10 has been [*Initial one of the following*]:

✓    ___*(initialed)*___ completed prior to the entry of this order of appointment as required under § 44A-2-13(a)(3). [**Attach required Affidavit to this order – see § 44A-1-10(b).**]

     _____ completed within the last three years and thus such individual does not require such education.

Pursuant to the terms of West Virginia Code: § 44A-3-8, if a conservator has been appointed under the terms of this Order, it is hereby **ORDERED** that such Conservator shall, within sixty (60) days of the entry of this Order, file with the Court and with the fiduciary supervisor of _____ County, or the fiduciary commissioner named herein, as the case may be, the inventory required under subsection (a) and shall mail copies thereof to the parties entitled thereto as required by subsection (b).

If a conservator has been appointed under the terms of this Order, the Court hereby refers this matter to the following: The Fiduciary Supervisor of _____, County, West Virginia, or to __Carmela Cesare__ _____ a Fiduciary Commissioner of __Jefferson__ County, West Virginia. In addition to filing the reports and accountings required by law with this Court, the conservator shall also file such reports and accounting with said Supervisor or the within named Commissioner who shall perform the duties required by **West Virginia Code** Chapter 44, Articles 3, 3A and 4, and Chapter 44A, with respect to the Protected Person's estate. The conservator shall likewise file a true copy of the bond posted and approved by the Court with said Supervisor/Commissioner.

The Clerk of this Court shall enter the foregoing as of the __30th__ day of __August__, 20__07__, and shall transmit attested copies to counsel of record for the parties, to any guardian and/or conservator appointed by this Order, and to the Petitioner. Pursuant to **West Virginia Code**: § 44A-2-13(c), the guardian and/or conservator *SHALL*, within FOURTEEN (14) DAYS OF THE DATE OF THE ENTRY OF THIS ORDER, mail a copy of this order of appointment, together with the statement of the right ~~to appeal for a modification or termination which is annexed hereto, to the Protected Person and to all individuals and entities who~~ were given notice of the Petition filed in this cause.

SO ORDERED.

                                          _____
                                          JUDGE OF THE CIRCUIT COURT

*A TRUE COPY*
*ATTEST:*
*PATRICIA A. NOLAND*
*CLERK, CIRCUIT COURT*
*JEFFERSON COUNTY, W.VA.*
*BY _____*
*DEPUTY CLERK*

*cc:*
*S. Calhoun*
*J. Calhoun*
*J. Crawford*
*8-30-07 /pr*

SCA-CG 907-3 / 6-00      Order of Appointment of Conservator and/or Guardian – Page 3 of 4 Pages

# STATEMENT OF RIGHTS TO APPEAL FOR A MODIFICATION OR TERMINATION

Pursuant to the provisions of West Virginia Code: § 44A-4-6, and other applicable law, the Protected Person named herein, any guardian and/or conservator of the Protected Person, or any other "interested person" as defined by law, has the right to, and may, seek an appeal to the Circuit Court to modify or terminate the appointment(s) and/or the powers of the guardian and/or conservator appointed by this Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| SHIRLEY CALHOUN, Individually, as Guardian and Conservator of JAMES D. CALHOUN, JR., Incompetent, and as Next Friend of S. E. CALHOUN and J. D. CALHOUN, Minors, | § § § § § | Civil Action No. 1:08-cv-00343 Judge Colleen Kollar-Kotelly |
| *Plaintiff,* | § § | |
| v. | § § § | **ORDER** |
| ANTHONY E. WATKINS, M.D., CHARTERED, BERNARD M. WAGMAN, M.D., LARA S. OBOLER, M.D., | § § § § | |
| *Defendants.* | § | |

This matter came before the Court pursuant to a Joint Motion for Leave of Court to Supplement Motion to Approve Settlement and to Submit Additional Supporting Documents In Camera. After having reviewed the motion and supporting documents the Court enters the following order.

**IT HEREBY ORDERED:**

1. Leave of Court is Granted unto the Parties to Supplement their Motion to Approve Settlement;

2. Exhibit "B" to the Motion for Leave is a Supplement to, and will be considered by this Court in connection with, the Motion to Approve Settlement; and,

3. Exhibits "A" and "C" to the Motion to Approve Settlement, and Exhibit "D" to the Motion for Leave are to be and remain as In Camera submissions which

will be considered by this Court in connection with, the Motion to Approve Settlement.

**FURTHER SAYTH NOT.**

Ordered on the _____ day of August, 2008

By:_____
Honorable Colleen Kollar-Kotelly
Judge of the United State District Court for the
District of Columbia

2