IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SHIRLEY CALHOUN, Individually, as Guardian and Conservator of JAMES D. CALHOUN, JR., Incompetent, and as Next Friend of S. E. CALHOUN and J. D. CALHOUN, Minors,<br><br>*Plaintiff,*<br><br>v.<br><br>ANTHONY E. WATKINS, M.D., CHARTERED, BERNARD M. WAGMAN, M.D., LARA S. OBOLER, M.D.,<br><br>*Defendants.* | Civil Action No. 1:08-cv-00343<br>Judge Colleen Kollar-Kotelly<br><br>**SUPPLEMENT TO JOINT MOTION FOR LEAVE OF COURT TO SUPPLEMENT MOTION TO APPROVE SETTLEMENT AND TO SUBMIT ADDITIONAL SUPPORTING DOCUMENTS IN CAMERA** |

**COME NOW** the parties, by and through their attorneys, and file this Supplement to their Joint Motion for Leave to Supplement Motion to Approve Settlement, and to Submit Additional Supporting Documents In Camera, in Civil Action No.:1:08-cv-00343. This Supplement is being submitted pursuant to the Court's Order dated August 25, 2008. In further support of their Joint Motion the parties state, as follows:

**I.      BACKGROUND**

On August 4, 2008, the parties filed with this Court a Joint Status Report and a Motion to Approve Settlement in the above-captioned matter. That same day, this Court contacted the parties regarding their failure to file certain exhibits in support of their Motion to Approve Settlement. Thereafter, on August 21, 2008, the parties filed a Joint Motion seeking leave of Court to Supplement their Motion to Approve Settlement with supporting exhibits. As certain of the

supporting exhibits are confidential in nature the parties requested that they be permitted to file those exhibits in camera/under seal. The at-issue exhibits are:

Exhibit "A" – Proposed Release and Settlement Agreement[1]
Exhibit "C" – Disbursement Sheet; and
Exhibit "D" – Annuity Quotes locked-in for James D. Calhoun, Jr., and minors, S.E. Calhoun and J.D. Calhoun.

By Order dated August 25, 2008, the Court advised the parties that they had failed to provide a sufficient legal basis for the filing of exhibits under seal. The Court permitted the parties until September 2, 2008 to provide a basis for the filing of exhibits under seal. Accordingly, the parties submit the instant Supplement in support of their request to file certain supporting documents in camera.

## II.     ARGUMENT

It is well-settled that "'[t]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Johnson v. Greater Southeast Community Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991) (quoting *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980)). A "[C]ourt's decision to limit access to judicial records should . . . be informed "'by this country's strong tradition of access to judicial proceedings.'" *Id.* (quoting *Hubbard* at 317 n.98)). Factors to be considered in determining whether a party's privacy or confidentiality interests outweigh the presumption in favor of public access to judicial proceedings are:

(1) the need for public access to the documents at issue;

(2) the extent to which the public had access to the documents prior to the sealing order;

---

[1] On August 27, 2008 defendants filed a Motion to Withdraw Exhibit attached to the parties' Motion for Leave based on certain inaccuracies contained in the document. Defendants' Motion was granted by this Court on August 27th. The parties attach to this Supplemental Motion a revised Exhibit A. The parties request that the attached Exhibit A be filed in camera/under seal.

      (3) the fact that a party has objected to disclosure and the identity of that party;

      (4) the strength of the property and privacy interests involved;

      (5) the possibility of prejudice to those opposing disclosure; and

      (6) the purposes for which the documents were introduced.

*Id.* (quoting *Hubbard* at 317-322).

    Applying these prongs to the instant matter, an Order of Seal is warranted in this case. As the parties set forth in their Joint Motion, this case involves allegations of medical negligence. The plaintiffs to this matter are the patient, his spouse, and their minor children. The defendants are two cardiologists involved in the patient's care. The parties have reached a settlement agreement in this matter. The Exhibits sought to be filed in camera/under seal are: the proposed Release and Settlement Agreement (Exhibit A); the Disbursement Sheet (Exhibit C); and the locked-in Annuity Quotes (Exhibit D).

    First, there is no need for public access to these documents. These documents contain the terms of the parties' confidential settlement agreement, including <u>the identities and personal information of the minor plaintiffs</u>, and they indicate how the settlement proceeds will be split, and define the annuity structures. There is no reason that the public needs to have access to this information or should have access to this private information.

    Second, the public never had access to the documents sought to be filed in camera/under seal. These documents were generated for the sole purpose of settlement of the above-captioned matter.

    Third, no party has objected to the requested relief. The parties are in agreement to file Exhbits A, C, and D under seal/in camera.

Fourth, the privacy interests of the parties strongly outweighs the public's interest in knowing the terms of the parties' settlement and how the proceeds of the settlement have been structured and disbursed. The settlement amount is part of the public record.

Fifth, as noted above, no party objects to the requested relief.

Finally, the documents that the parties seek to file under seal/in camera were created solely for the purpose of settling the above-captioned matter. The information contained in these documents is confidential, personal, and of no reasonable interest to the general public.

In sum, the parties' interests in privacy and confidentiality clearly outweigh any interest that the public may have in access to these records. Thus, it is the position of the parties that an Order of Seal is justified in this case.

WHEREFORE, for the above-stated reasons and for good cause shown, the parties respectfully request that this Court enter an Order granting their Motion to Supplement Motion to Approve Settlement and permitting them to submit the attached Exhibit A and Exhibits C and D attached to the Motion for Leave (and referenced above) In Camera with this Court.

Jointly Submitted,

ANASTOPOULO & CLORE, LLC

_____/S/_____
Mark D. Clore, DC Bar # 492672
mark@akimlaw.com
Samuel K. Allen, DC Bar #482350
sam@akimlaw.com
706 Orleans Road
Charleston, SC  29407
843-722-8070
Fax: 843-225-7112
ATTORNEYS FOR PLAINTIFF

September 2, 2008

ARMSTONG, DONOHUE, CEPPOS & VAUGHAN


_____/S/_____
Kenneth Armstrong, Esquire, D.C. Bar #320507
Karmstrong@adclawfirm.com
Erica C. Mudd, D.C. Bar # 500785
Emudd@adclawfirm.com
Armstrong, Donohue, Ceppos & Vaughan
204 Monroe Street, Ste. 101
Rockville, MD  20850
Fax:  (301) 279-5929
ATTORNEYS FOR DEFENDANTS

September 2, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| SHIRLEY CALHOUN, Individually, as Guardian and Conservator of JAMES D. CALHOUN, JR., Incompetent, and as Next Friend of S. E. CALHOUN and J. D. CALHOUN, Minors, § § § § § *Plaintiff,* § § v. § § ANTHONY E. WATKINS, M.D., CHARTERED, § BERNARD M. WAGMAN, M.D., § LARA S. OBOLER, M.D., § § *Defendants.* § | Civil Action No. 1:08-cv-00343  Judge Colleen Kollar-Kotelly   **NOTICE REGARDING FILING OF SEALED MATERIAL** |

Notice is given that a Sealed Attachment was filed in paper format with the Court. This document is not available for the public viewing.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS
& VAUGHAN, CHARTERED**


          /s/ Erica C. Mudd
Kenneth Armstrong  #320507
karmstrong@adclawfirm.com
Erica C. Mudd #500785
emudd@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440
Counsel for BERNARD M. WAGMAN, M.D., and LARA S. OBOLER, M.D.